UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARITZA REYES,

      Plaintiff,

v.                                              Case No. 2:19-cv-866-JLB-NPM

COMMISIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## ORDER

Plaintiff Maritza Reyes seeks review of the Commissioner of Social Security's ("Commissioner") final decision denying her Social Security disability benefits. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R"), suggesting that the Court affirm the Commissioner's decision. (Doc. 28.) After reviewing Ms. Reyes's timely objections (Doc. 30), the Court affirms the Commissioner's decision to deny her Social Security disability benefits.

### STANDARD OF REVIEW

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In a Social Security appeal, the Court must determine whether the ALJ's decision is "supported by substantial evidence in the record and is based on proper

legal standards." Winschel v. Comm'r, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.  The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for ALJ's.  Id. (quoting Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence.  See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

**Objection 1: The ALJ failed to properly weigh the opinions of consultative examiner Lori Chang.**

Ms. Reyes argues that the ALJ did not properly weigh the opinions of the consultative examiner psychologist, Lori Chang, Psy.D.  (Doc. 26 at 37–40.)  The Magistrate Judge found that the ALJ properly afforded Dr. Chang's opinions little weight because her consultation with Ms. Reyes took place after the expiration of her disability insured status.  (Doc. 28 at 10.)  The Magistrate Judge further found that Dr. Chang had no treatment relationship with Ms. Reyes, did not opine on what she could or could not do in a work setting, and provided an opinion that was inconsistent with Ms. Reyes's prior mental status examinations.  (Id. at 10–11.)

Ms. Reyes's objections to the Magistrate Judge's findings are a mirror image of her argument in the joint memorandum: the ALJ failed to consider important details from Dr. Chang's opinion regarding Ms. Reyes's impairment.  (Doc. 26 at 37–

2

39; Doc. 30 at 2–3.) For disability cases filed after March 27, 2017, ALJ's do not defer or give any specific evidentiary weight to medical opinions. 20 C.F.R. § 404.1520c. Instead, an ALJ evaluates a medical opinion's persuasiveness by considering five factors, with the first two factors being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other relevant factors, such as the medical source's familiarity with other evidence in the claim or their understanding of the disability program's policies. 20 C.F.R. § 404.1520c(c). After a de novo review of the ALJ's findings, the Court cannot say that the ALJ failed to apply the correct law or that his finding was not based on substantial evidence.

The ALJ determined that Dr. Chang's opinion was not reliable because it had some apparent inconsistencies (disability from substantial gainful work for nine years despite only minimal to mild limitations in all areas of functioning), did not reference other treatment notes, was given after Ms. Reyes's last insured date, and was inconsistent with other clinical observations. (Tr. at 23.) The ALJ appears to have been mistaken in concluding that Dr. Chang's opinion did not cite other treatment notes. As Ms. Reyes accurately notes, Dr. Cheng's opinion specifically referenced other inpatient admissions. (Tr. at 697–99.) But the Court cannot say that the ALJ's remaining observations are unsupported by substantial evidence.

Specifically, the ALJ pointed to notes from Ms. Reyes's inpatient admissions which tended to show that her most significant issues were caused by non-compliance with her medication schedule, and that she is fully stable when properly

3

medicated.  (Tr. at 22.)  There is substantial evidence supporting this conclusion, although the Court notes that Ms. Reyes's inability to consistently comply with her medication regimen appears to be at least partially caused by factors beyond her immediate control (e.g., her medication being very expensive and her insurance company refusing to pay for it).  Accordingly, this objection is overruled.

**Objection 2: The ALJ erred in failing to include a handling and fingering limitation in the RFC.**

Ms. Reyes argues that the ALJ erred by not including a limitation on handling and fingering in his determination of Ms. Reyes's residual functional capacity ("RFC").  (Doc. 26 at 42–43.)  The Magistrate Judge found that Ms. Reyes relied on multiple doctors' notes that identified osteoarthritis in her joints, but none of these notes specifically mentioned her hands and fingers.  (Doc. 28 at 12.)

Ms. Reyes contends that at least two of her doctors' notes reference some form of hand pain.  (Tr. at 747, 763.)  However, none of the doctors' notes cited by Ms. Reyes point to any functional limitations with her hands.  Cf. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard." (citation omitted)).  And while Ms. Reyes relies on the opinion of non-examining physician, Dr. Frederick Lutz, the Magistrate Judge correctly notes that Dr. Lutz's evaluation occurred nearly a year-and-a-half after Ms. Reyes's last date insured.  (Doc. 28 at 12.)  The Court further notes that the ALJ determined Ms. Reyes's osteoarthritis—whatever joints it may

4

affect—did severely impair her ability to perform basic work activities. (Tr. at 17.) Accordingly, this objection is overruled.

**Objection 3: The ALJ improperly determined that there are a significant number of jobs in the national economy that Plaintiff could perform.**

In the joint memorandum, Plaintiff argued that the ALJ reversibly erred in both: (1) finding that Ms. Reyes retained the capacity to perform her past work as a salvage laborer/recycling worker; and (2) finding that she retained the capacity to perform the jobs of silver wrapper, price marker, and routing clerk. (Doc. 26 at 26–37.) The Magistrate Judge could not conclude whether the ALJ correctly applied the legal standard for determining whether Ms. Reyes's past salvage work was "substantial gainful activity" that should have been considered in her disability determination. (Doc. 28 at 13–15.) But the Magistrate Judge reasoned that any resulting error by the ALJ was harmless because the ALJ did not err in holding that Ms. Reyes could perform other jobs in the economy. (Id. at 15–22.)

Ms. Reyes objects to the Magistrate Judge's finding because: (1) the ALJ failed to resolve inconsistencies between the vocational expert's opinion and Ms. Reyes's contention that the alternative jobs proposed by the ALJ require "Level 2" reasoning; (2) the ALJ failed to resolve inconsistencies between the RFC's limitations on exposure to the general public or coworkers and Ms. Reyes's contention that the three jobs proposed by the ALJ require more exposure; and (3) the ALJ failed to resolve inconsistencies between the vocational expert's testimony and Ms. Reyes's contention that no significant number of silver-wrapper jobs exists in the economy. (Doc. 30 at 8–10.) Those objections are overruled as follows:

5

      1.      <u>Alleged conflict regarding reasoning level</u>.

The ALJ's RFC findings limit Ms. Reyes to jobs that require "understanding, remembering, and carrying out simple repetitive tasks and making simple work-related decisions." (Tr. at 19.) The vocational expert in this case opined that the jobs of silver wrapper, price marker, and routing clerk were consistent with this limitation. (Tr. at 24–25, 169–70.) Ms. Reyes claims the vocational expert's finding is inconsistent with the Dictionary of Occupational Tiles ("DOT") classifying these jobs as requiring "Level 2" reasoning. (Doc. 30 at 8–9.)

"[T]he ALJ has an affirmative obligation to identify any 'apparent' conflict [between the vocational expert's testimony and the DOT] and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." <u>Washington v. Comm'r</u>, 906 F.3d 1353, 1362 (11th Cir. 2018). The Eleventh Circuit has not yet addressed this issue in a published opinion, but "other Circuits have . . . found that no apparent conflict exists between a limitation to simple, routine, and repetitive tasks and an occupation requiring level two reasoning." <u>James v. Comm'r</u>, No. 2:19-cv-869-FtM-MRM, 2021 WL 973498, at *10 (M.D. Fla. Mar. 16, 2021) (citing <u>Lawrence v. Saul</u>, 941 F.3d 140, 144 (4th Cir. 2019)). Moreover, in an unpublished opinion, the Eleventh Circuit has suggested that it would find no such conflict. See <u>Valdez v. Comm'r</u>, 808 F. App'x 1005, 1009 (11th Cir. 2020). Based on this authority, the Magistrate Judge correctly concluded that there is no apparent conflict between the vocational expert's testimony and the

RFC's limitation on the level of reasoning Ms. Reyes is capable of. Accordingly, this objection is overruled.

2. <u>Alleged conflict regarding frequency of exposure</u>.

The ALJ's RFC findings limit MS. Reyes to jobs that involve "only occasional exposure to the general public and coworkers." (Tr. at 19.) Ms. Reyes claims that the ALJ failed to resolve an apparent conflict between this finding and her contention that—based on non-DOT sources—the positions of price marker and routing clerk require more exposure. (Doc. 30 at 9–10.) As the Magistrate Judge correctly notes, Ms. Reyes failed to cite any authority for the proposition that an ALJ has an affirmative duty to resolve conflicts between the vocational expert's opinion of a job and non-DOT sources describing those jobs. (Doc. 28 at 19.) In any case, the Magistrate Judge took pains to show that there was no conflict between the DOT and the vocational expert's testimony. (<u>Id.</u> at 20–21.) Accordingly, this objection is overruled.

3. <u>Number of silver-wrapper jobs</u>.

The Commissioner must show that "a significant number of jobs that the claimant can perform exist in the national economy." <u>Webster v. Comm'r</u>, 773 F. App'x 553, 555 (11th Cir. 2019). "Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country." <u>Id.</u> (citing 20 C.F.R. § 404.1566(a)).

The ALJ relied on the vocational expert's testimony that 107,000 silver-wrapper jobs—a significant number—exist in the national economy. (Tr. at 24–25.)

Ms. Reyes contends that two-thirds of those jobs are part time. (Doc. 28 at 21.) But even if the part-time silver-wrapper jobs are excluded from the total jobs figure, that leaves 36,380 full-time jobs. As the Magistrate Judge correctly noted, the Eleventh Circuit has found that jobs exist in "significant numbers" even when there are fewer than 36,380 positions in the national economy. See, e.g., Atha v. Comm'r, 616 F. App'x 931, 935 (11th Cir. 2015); Brooks v. Barnhart, 133 F. App'x 669, 671 (11th Cir. 2005). Accordingly, this objection is overruled.

## CONCLUSION

For the reasons above, it is **ORDERED:**

1. Ms. Reyes's objections to the Magistrate Judge's R&R (Doc. 29) are **OVERRULLED**.

2. The R&R (Doc. 29) is **ADOPTED** and made part of this Order.

3. The final decision of the Commissioner is **AFFIRMED**.

4. The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** in Fort Myers, Florida, on March 22, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE